United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-1771

Bobbie James; Billie J. Denton,     *
     *
     Plaintiffs - Appellants,     *
     *     Appeal from the United
     v.     *     States District Court for the
     *     Western District of Arkansas.
Peoples Bank and Trust Company     *
of Mountain Home; Lula Mae     *     [UNPUBLISHED]
Willmer; Neil Nelson,     *
     *
     Defendants - Appellees.     *

_____

Submitted: August 19, 1997
Filed: September 26, 1997

_____

Before FAGG, BOWMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

In June 1994, Bobbie James and Billie J. Denton filed this diversity action against Peoples Bank and Trust Company (Peoples Bank) and two of its employees, Lula Mae Willmer and Neil Nelson,[1] asserting breaches of fiduciary duties and fraud.

---

[1]Nelson, a Peoples Bank employee, died in October 1994. Appellants never filed a motion for substitution of another party or appealed the dismissal of their claims asserted against him.

The district court[2] concluded James and Denton's claims were barred by Arkansas' statute of limitations and granted summary judgment in favor of Peoples Bank and Willmer. We affirm.

According to James and Denton's allegations, their father, Wylo M. Dyer, created an irrevocable trust that provided for the termination and distribution of the trust's corpus and income upon his death. Dyer died in 1982. Nelson had been the trustee until May 1985, at which time Peoples Bank became the successor trustee. Willmer began tending for James and Denton's mother, Elsie Dyer, in 1988.

James and Denton raise three claims: 1) Nelson and Peoples Bank breached their fiduciary duties as trustees by failing to terminate the trust and distribute the trust corpus upon Dyer's death; 2) Willmer exerted undue influence on their mother, Elsie M. Dyer, to make a new will in November 1988 and add Willmer as a beneficiary, and that Willmer withdrew $56,000 from Elsie Dyer's account after fraudulently adding her name to Elsie Dyer's checking account and safe deposit box; and 3) Peoples Bank breached its fiduciary duty as personal representative of Elsie Dyer's estate by failing to monitor Willmer and filing to protect and recover Elsie Dyer's assets. James and Denton also contend that the limitations period should be tolled.

We conclude that the district court did not err in granting summary judgment in favor of Peoples Bank and Willmer since the suit was not timely filed. See Alexander v. Flake, 910 S.W.2d 190, 191 (Ark. 1995) (standard for summary judgment under Arkansas law). The applicable statute of limitations is three years. The plaintiffs filed their claims in 1994, more than three years after any of their causes of action arose. James and Denton also have not shown that the limitations period was tolled or that Peoples Bank and Willmer should be estopped from pleading a limitations defense.

---

[2]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

Finally, the motion to strike made by Peoples Bank is denied as moot.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.